Kevin T. Lafky, OSB #852633
klafky@lafky.com
Larry L. Linder, OSB #010724
llinder@lafky.com
Haley Percell, OSB #053457
hpercell@lafky.com
James S. Davis, OSB #982070
jdavis@lafky.com
LAFKY & LAFKY
429 Court Street NE
Salem, OR 97301
Tel: (503)585-2450
Fax: (503)585-0205
Attorneys for Plaintiff

**ORIGINAL**

FILED '08 JUL 30 11:40 USDC-ORE

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SYLVIA GRESHAM,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC., a Delaware Corporation, and<br>ROBERT MCDONALD,<br><br>Defendants. | Case No. 07 - 6291 - AA<br><br>**COMPLAINT- VIOLATION OF TITLE<br>VII SEX DISCRIMINATION; STATE<br>STATUTORY DISCRIMINATION;<br>INTENTIONAL INFLICTION OF<br>EMOTIONAL DISTRESS;<br>RECKLESS INFLICTION OF<br>EMOTIONAL DISTRESS;<br>WRONGFUL DISCHARGE;<br>ASSAULT AND BATTERY;<br>NEGLIGENT RETENTION AND<br>VIOLATION OF 659A.230**<br>(Jury Trial Requested) |

Plaintiff alleges:

### JURISDICTION

1.

Jurisdiction with respect to Plaintiff's 42 U.S.C. § 2000e claims, is conferred upon this Court

by 28 U.S.C. § 1331.  Plaintiff requests a jury trial in this matter.

**Page 1-COMPLAINT**



## SUPPLEMENTAL JURISDICTION

2.

This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3.

Venue is appropriate in this Court under 28 U.S.C. § 1391 because Defendant Safeway Inc's. ("Safeway") store at issue is located in Lane County, Oregon. Safeway is a Delaware Corporation.

4.

Plaintiff and Defendant, Robert McDonald("McDonald"), are residents of Lane County, Oregon.

5.

At all relevant times, Plaintiff was employed by Defendant Safeway in Springfield, Lane County, Oregon. Upon information and belief, Safeway employed more than five hundred employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.

Plaintiff has exhausted all administrative remedies necessary to proceed on her Title VII claims. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission

///

**Page 2-COMPLAINT**

("EEOC") and the Bureau of Labor and Industries ("BOLI").  Plaintiff received a right-to-sue letter

from the EEOC on May 27, 2008, and BOLI dated May 6, 2008.

## FACTUAL ALLEGATIONS

7.

Plaintiff began her employment for Safeway in Springfield, Oregon in or about September

2005.

8.

Plaintiff is a female.

9.

In or about August 2006, Plaintiff was employed by Defendant and requested to assist in the

opening of a new Safeway store in Bend, Oregon.

10.

Plaintiff agreed to assist, however, Plaintiff needed to have her 12 year old daughter attend

the opening with her due to lack of child care.

11.

One of Plaintiff's co-workers, McDonald, volunteered to drive Plaintiff's daughter and

another female employee, Samantha, to Bend.  During the car trip, McDonald drank beer while

driving and put his hands on the inner thigh area of Plaintiff's 12 year old daughter.

12.

At one point during the drive to Bend, McDonald pulled the car over to the side of the road

and urinated. After urinating, he exposed himself to Plaintiff's daughter.  When McDonald arrived

///

**Page 3-COMPLAINT**

in Bend with Plaintiff's daughter, McDonald slapped Plaintiff's daughter on the buttocks so hard it left a welt.

13.

When Plaintiff returned to Safeway in Springfield, she reported the assaults on her daughter to the store manager. The manager said that the incident had also been reported by another employee, Samantha, and that the store would be "looking into it."

14.

McDonald continued to work at the store without suspension or discipline. A few days after the report Plaintiff made to management, McDonald walked by Plaintiff and slapped her on the buttocks. Plaintiff then reported this to Human Resources ("HR"). Shortly thereafter, McDonald was transferred to another store.

15.

Plaintiff informed Safeway that she would be reporting the assaults of Plaintiff and Plaintiff's daughter to the police. Plaintiff was instructed by Safeway not to report the incidents to the police. Plaintiff reported the incidents over Safeway's objections.

16.

After Plaintiff reported the incidents to the Police, Safeway cut Plaintiff's hours of work and changed her to a less desirable shift.

17.

Plaintiff was orally reprimanded for coping her work schedule. Plaintiff's co-workers were allowed to copy their schedules without reprimand or discipline.

///

**Page 4-COMPLAINT**

18.

Before Plaintiff made the complaint, Plaintiff was told by the store manager that she would

be trained for a management position. A few days after complaining, Plaintiff was told that she

would never be management at Safeway's Springfield store. Plaintiff was told that she would have

to transfer to another store if she hoped to advance her career.

19.

After Plaintiff's complaints, Safeway continued to cut plaintiff's hours until she was forced

to leave employment, constructively discharging Plaintiff on or about October 26, 2006.

## FIRST CLAIM AGAINST DEFENDANT SAFEWAY–VIOLATION OF TITLE VII,

## 42 U.S.C. § 2000e

## (Count 1–Disparate Treatment Gender Discrimination)

20.

Plaintiff realleges paragraphs 1-19. 42 U.S.C. § 2000e-2(a) provides: "it shall be an

unlawful employment practice for an employer" to discharge an individual, "or otherwise to

discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment because of such individuals race, color, religion, sex, or national origin .

. ."

21.

During the course of Plaintiff's employment with Defendant, Plaintiff suffered from

discrimination based on her gender. Incidents of gender discrimination committed by Defendant

adversely affected Plaintiff's employment opportunities, compensation, terms, conditions, and

privileges of her employment in violation of 42 U.S.C. § 2000e-2(a).

**Page 5-COMPLAINT**

22.

Defendant discriminated against Plaintiff in employment opportunities, compensation, terms, conditions, and privileges of her employment on the basis of her gender.

23.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at the time of trial as a result of Defendant's Gender Discrimination directed against Plaintiff. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

### (Count 2–Retaliation Gender Discrimination)

24.

Plaintiff realleges paragraphs 1-23. 42 U.S.C. § 2000e provides that it is an unlawful employment practice for an employer to discriminate against an employee because she has opposed any practice made an unlawful employment practice by this subchapter.

25.

Plaintiff complained about conduct that she believed was discrimination based on her gender. After these complaints, Defendant retaliated against Plaintiff.

26.

Defendant's retaliation toward Plaintiff, because she complained about gender discrimination, constitutes a violation of 42 U.S.C. § 2000e-3(a) for which Plaintiff is entitled to relief.

///

///

**Page 6-COMPLAINT**

27.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at the time of trial as a result of Defendant's retaliation directed against her because she complained about the gender discriminatory conduct. Plaintiff seeks recovery of all economic, compensatory, and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## (Count 3–Hostile Work Environment Gender Discrimination)

28.

Plaintiff realleges paragraphs 1-27. During the course of Plaintiff's employment with Defendant, Plaintiff suffered from discrimination based on her gender. Incidents of gender discrimination committed by Defendant resulted in Plaintiff being denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of her employment in violation of 42 U.S.C. § 2000e-2(a).

29.

Defendant's actions created a hostile work environment toward Plaintiff because she complained about discrimination.

30.

Defendant's hostile work environment, and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform her job, caused Plaintiff to suffer emotional distress in the performance of her job, and resulted in Plaintiff being constructively discharged.

///

**Page 7-COMPLAINT**

31.

Defendant's hostile work environment toward Plaintiff, because she complained about discrimination, constitutes a violation of 42 U.S.C. § 2000e-2(a) for which Plaintiff is entitled to relief.

32.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial as a result of Defendant's hostile work environment directed against Plaintiff because she complained about discrimination.  Plaintiff seeks recovery of all economic, compensatory, and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM AGAINST DEFENDANT SAFEWAY–STATE STATUTORY DISCRIMINATION

### (Count 1-Gender Discrimination)

33.

Plaintiff realleges paragraphs 1-32.  According to ORS 659A.030(b) it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms or privileges of employment." Discrimination committed by Defendant affected Plaintiff's employment opportunities and terms, conditions, and privileges of employment and is a direct violation of the statute.

///

///

**Page 8-COMPLAINT**

34.

Plaintiff suffered from discrimination based on her gender as described in the paragraphs above. Defendant's discrimination negatively affected Plaintiff's employment in violation of ORS 659A.030(b). As a result of Defendant's gender discrimination, Plaintiff requests equitable relief, economic damages, punitive damages, and compensatory damages, in an amount to be determined at trial. Pursuant to ORS 659A.885, Plaintiff requests her costs and reasonable attorney fees in this action.

### (Count 2–Retaliation Gender Discrimination)

35.

Plaintiff realleges paragraphs 1-34. According to ORS 659A.030(1)(f) it is an unlawful employment practice, "for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so." Discrimination committed by Defendant, as alleged above, affected Plaintiff's employment opportunities, compensation, and terms and conditions of employment and is a direct violation of this statute.

36.

Plaintiff suffered from retaliation based on her complaints of gender discrimination as described in the paragraphs above. Defendant's employees' retaliation toward Plaintiff negatively affected her compensation, terms, conditions, and privileges of employment in violation of ORS 659A.030(1)(f). As a result of Defendant's gender discrimination, Plaintiff requests equitable relief, economic damages, punitive damages, and compensatory damages, in an amount to be

**Page 9-COMPLAINT**

determined at trial.  Pursuant to ORS 659A.885, Plaintiff requests her costs and reasonable attorney fees in this action.

### (Count 3–Hostile Work Environment Gender Discrimination)

37.

Plaintiff realleges paragraphs 1-36.  According to ORS 659A.030(1)(b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms, conditions or privileges of employment."  Discrimination committed by Defendant affected Plaintiff's employment opportunities and terms and conditions of employment and is a direct violation of the statute.

38.

Plaintiff suffered from discrimination based on her gender.  Defendant's actions created a hostile work environment that Plaintiff was subjected to.  Defendant's hostile work environment and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform her job and caused Plaintiff to suffer emotional distress in the performance of her job. Defendant's discrimination negatively affected Plaintiff's employment in violation of ORS 659A.030(b).  As a result of Defendant's gender discrimination, Plaintiff requests equitable relief, economic damages, punitive damages, and compensatory damages, in an amount to be determined at trial.  Pursuant to ORS 659A.885, Plaintiff requests her costs and reasonable attorney fees in this action.

///

///

**Page 10-COMPLAINT**

## THIRD CLAIM AGAINST DEFENDANTS SAFEWAY AND

## MCDONALD–INTENTIONAL  INFLICTION OF EMOTIONAL DISTRESS

39.

Plaintiff realleges paragraphs 1-38.  Plaintiff had an employer-employee relationship with Defendant Safeway.  Defendants knew that the aforementioned conduct would cause severe mental or emotional distress or acted despite a high degree of probability that mental or emotional distress would result.

40.

Defendants' conduct caused Plaintiff severe mental or emotional distress from the foreseeable highly unpleasant emotional reactions including fright, grief, shame, humiliation, embarrassment, anger, disappointment, and worry.

41.

The aforementioned actions of Defendant consisted of an extraordinary transgression of the bounds of socially tolerable conduct and exceeded any reasonable limit of social toleration.

42.

As a result of Defendants' actions, Plaintiff has suffered non-economic damages in the form of emotional distress in an amount to be determined at trial.  Plaintiff requests punitive damages for Defendants' conduct.

///

///

///

///

**Page 11-COMPLAINT**

## FOURTH CLAIM AGAINST DEFENDANTS SAFEWAY–RECKLESS INFLICTION OF

## EMOTIONAL DISTRESS

### 43.

Plaintiff realleges paragraphs 1-42.  Plaintiff had an employer-employee relationship with Defendant Safeway.

### 44.

Defendant recklessly engaged in the aforementioned actions causing severe mental or emotional distress in the form of fright, grief, shame, humiliation, embarrassment, anger, disappointment, worry, and physical illness.

### 45.

The aforementioned actions of Defendant consisted of an extraordinary transgression of contemporary standards of civilized conduct toward an employee or individual.

### 46.

As a result of Defendant's reckless actions, Plaintiff has suffered non-economic damages in the form of emotional distress in an amount to be determined at trial.  Plaintiff requests punitive damages for Defendant's conduct.

## FIFTH CLAIM AGAINST SAFEWAY–WRONGFUL DISCHARGE

### 47.

Plaintiff realleges paragraphs 1-46.  Defendant constructively discharged Plaintiff from her employment on or about October 26, 2006.  Due to Defendant's conduct, Plaintiff believed she had no reasonable choice other than to leave her employment.

///

**Page 12-COMPLAINT**

48.

Defendant constructively discharged Plaintiff because she exercised a legal right related to her status or role as an employee that is of important public interest.

49.

Plaintiff filed a formal complaint regarding discrimination and harassment against Plaintiff in her workplace and requested assistance form Safeway. In return, Safeway reduced Plaintiff's hours and constructively discharged Plaintiff. Making these complaints and requests is a legal right that is related to Plaintiff's status or role as an employee. Making those requests is of important public interest to protect the rights of Plaintiff and other employees. Plaintiff had a societal obligation to complain about discrimination and harassment in the work place.

50.

As a result of Plaintiff's wrongful discharge, Plaintiff suffered economic damages in an amount to be determined at trial and non-economic damages in the from of mental distress in an amount to be determined at trial. Plaintiff requests punitive damages for Defendant's conduct.

## SIXTH CLAIM AGAINST MCDONALD–ASSAULT

51.

Plaintiff realleges paragraphs 1-50. Defendant approached plaintiff and slapped plaintiff on her buttocks. Defendant's actions were an intentional attempt to cause hostile contact with Plaintiff with the present ability to carry the intention into effect.

///

///

///

**Page 13-COMPLAINT**

52.

As a result of Defendant's assault of Plaintiff, Plaintiff suffered non-economic damages in the form of mental stress in an amount to be determined a trial.  Plaintiff requests punitive damages for Defendant's conduct.

## SEVENTH CLAIM AGAINST MCDONALD–BATTERY

53.

Plaintiff realleges paragraphs 1-52.  Defendant approached plaintiff and slapped Plaintiff on her butt.  Defendant's actions were unwanted, offensive and caused Plaintiff physical and emotional injury.

54.

As a result of Defendant's battery of Plaintiff, Plaintiff suffered non-economic damages in the form of mental stress in an amount to be determined at trial.  Plaintiff requests punitive damages for Defendant's conduct.

## EIGHTH CLAIM AGAINST SAFEWAY-NEGLIGENT RETENTION

55.

Plaintiff realleges paragraphs 1-54.  Plaintiff had an employer-employee relationship with Defendant Safeway.  Defendant had a duty to protect Plaintiff from known threats and provide a safe and secure workplace.

56.

Defendant had knowledge of the prior actions of McDonald toward females including Plaintiff and failed to take appropriate action to protect Plaintiff in her workplace.

///

**Page 14-COMPLAINT**

57.

Defendant's failure to act to protect Plaintiff was a breach of its duty to provide a safe and secure workplace from known threats by retaining McDonald.

58.

As a result of Defendant's negligence in retaining McDonald, Plaintiff was assaulted and suffered non-economic damages in the form of mental stress in an amount to be determined at trial. Plaintiff requests punitive damages for Defendant's conduct.

## NINTH CLAM AGAINST SAFEWAY–VIOLATION OF ORS 659A.230

59.

Plaintiff realleges paragraphs 1-58.  According to ORS 659A.230, "it is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee . . . for the reason that the employee has in good faith reported criminal activity by any person, has in good faith reported criminal activity by any person, has in good faith caused a complainant's information or complaint to be filed against any person," or "has in good faith cooperated with any law enforcement agency conducting a criminal investigation."

60.

Defendant is an employer pursuant to ORS 659A.230.

61.

Plaintiff disclosed criminal activity of McDonald in good faith.  Plaintiff was retaliated against and discharged for disclosing the criminal activity.  The actions of Defendant constitute a violation of ORS 659A.230.

///

**Page 15-COMPLAINT**

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

62.

As a result of Defendant's violation of ORS 659A.230, Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial and equitable relief including reinstatement along with his reasonable costs and attorney fees pursuant to ORS 659A.885. Plaintiff requests punitive damages for Defendant's conduct.

WHEREFORE, Plaintiff requests the following for his claims for relief:

1. **For Plaintiff's First Claim Against Safeway:**

   a.    Count 1: Plaintiff seeks recovery of all economic, compensatory, and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

   b.    Count 2: Plaintiff seeks recovery of all economic, compensatory, and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

   c.    Count 3:Plaintiff seeks recovery of all economic, compensatory, and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

2. **For Plaintiff's Second Claim Against Safeway:**

   a.    Count 1: Plaintiff requests equitable relief, economic damages, punitive damages, and compensatory damages, in an amount to be determined at trial. Pursuant to ORS 659A.885, Plaintiff requests his costs and reasonable attorney fees in this action.

   b.    Count 2: Plaintiff requests equitable relief, economic damages, punitive damages, and compensatory damages, in an amount to be determined at trial. Pursuant to ORS

**Page 16-COMPLAINT**

659A.885, Plaintiff requests his costs and reasonable attorney fees in this action.

c.    Count 3: Plaintiff requests equitable relief, economic damages, punitive damages, and compensatory damages, in an amount to be determined at trial.  Pursuant to ORS 659A.885, Plaintiff requests his costs and reasonable attorney fees in this action.

**3.    For Plaintiff's Third Claim Against Safeway and McDonald:**

As a result of the Defendants' actions, Plaintiff has suffered non-economic damages in the form of emotional distress in an amount to be determined at trial. Plaintiff requests punitive damages.

**4.    For Plaintiff's Fourth Claim Against Safeway:**

As a result of Defendants' reckless actions, Plaintiff has suffered non-economic damages in the form of emotional distress in an amount to be determined at trial.  Plaintiff requests punitive damages.

**5.    For Plaintiff's Fifth Claim Against Safeway:**

Plaintiff suffered economic damages in an amount to be determined at trial and non-economic damages in the from of mental distress in an amount of to be determined at trial.  Plaintiff requests punitive damages.

**6.    For Plaintiff's Sixth Claim Against McDonald:**

As a result of Defendant's Assault, Plaintiff suffered non-economic damages in the from of mental distress in an amount of to be determined at trial.  Plaintiff requests punitive damages.

**7.    For Plaintiff's Seventh Claim Against McDonald:**

As a result of Defendant's Battery, Plaintiff suffered non-economic damages in the from of mental distress in an amount of to be determined at trial.  Plaintiff requests punitive damages.

**8.    For Plaintiff's Eighth Claim Against Safeway:**

**Page 17-COMPLAINT**

As a result of Defendant's Battery, Plaintiff suffered non-economic damages in the from of mental distress in an amount of to be determined at trial.  Plaintiff requests punitive damages.

**9.    For Plaintiff's Ninth Claim Against Safeway:**

Plaintiff requests economic and non-economic damages in an amount to be determined at trial and equitable relief including reinstatement along with his reasonable costs and attorney fees pursuant to ORS 659A.885.  Plaintiff  requests punitive damages for Defendant's conduct.

DATED this 29th day of July, 2008.

James S. Davis                    OSB #98207
Kevin T. Lafky                    OSB #85263
Larry L. Linder                   OSB #01072
Haley Percell                     OSB #05345
LAFKY & LAFKY
429 Court Street NE
Salem, OR 97301
(503) 585-2450
Attorneys for Plaintiff

**Page 18-COMPLAINT**